FERGUSON v. JOSEY.

Opinion delivered January 11, 1902.

1. CONSTITUTIONAL LAW—PROHIBITION DISTRICT—SEIZURE OF LIQUORS. If it be assumed that so much of the act of February 13, 1899, § 1, as authorizes a search for intoxicating liquors kept in a prohibited district to be sold contrary to law, without information on

oath or affirmation, conflicts with the constitution (art. 2, § 15), the remainder of the section which makes it the duty of certain officers to issue a warrant for the seizure and destruction of intoxicating liquors when, after notice to and hearing of claimants, it shall be established that the liquors seized were illegally kept for sale, is not unconstitutional. (Page 97.)

2. SEARCH WARRANT—EFFECT OF INVALIDITY.—The fact that intoxicating liquors unlawfully kept for sale in a prohibited district were seized under an invalid search warrant does not affect the court's jurisdiction, nor entitle the owners to recover the liquors or their value. (Page 98.)

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

The appellees, Josey & Ward, filed a complaint alleging that on June 9, 1899, they were owners and in possession of a lot of intoxicating spirits, and that appellants, Ferguson and Spraggins, unlawfully took possession of the same and converted it to their own use, to appellees' damage in the sum of $196.50.

Appellants' answer, in substance, alleged that appellant Ferguson was sheriff of Hempstead county, that he had taken possession of said property by virtue of a warrant issued by appellant Spraggins, mayor of the town of Hope, in a matter of which he had jurisdiction, upon his own personal knowledge and upon information given him by the marshal of Hope. That after the appellees had been arrested for unlawful sale of intoxicating liquors in Hope, and while appellees were in custody, the property was seized. That the property was in custody of the law, and the mayor's court had jurisdiction. That the town of Hope was a prohibition district, and that the liquors in question were being held for the purpose of being unlawfully sold.

The appellees demurred to the answer as not setting forth facts sufficient to constitute a defense. The court sustained the demurrer. Appellants stood upon their answer; judgment for the value of the property was rendered against them; and they have appealed.

*J. H. McCollum* and *W. V. Tompkins,* for appellant.

The act of February 13, 1899, is not violative of the constitutional prohibition against issuing of a search warrant "except upon

probable cause, supported by oath or affirmation." No written information is required in a justice's court. Sand. & H. Dig., § 2329. As to meaning of "information," see 41 Ark. 403. The courts will not presume that the legislature intended to pass an invalid statute, and, if possible, will so construe a statute as to give it effect. Cooley, Const. Lim. *185; 59 Ark. 513; 56 Ark. 495; 58 Ark. 414. If the warrant was lawful, the mayor's court had jurisdiction, and appellees should have gone there to litigate the question involved. 13 L. R. A. 408; 6 Gray. 491. In cases of concurrent jurisdiction, the forum first acquiring jurisdiction will hold it to the exclusion of the others. 34 Ark. 188.

*J. P. Hervey* and *T. E. Webber,* for appellees.

The act of 1899, in so far as it provides for a search, is unconstitutional and void. 4 Mich. 125; 21 Am. & Eng. Enc. Law, 961, note 6; 46 Ark. 325; 24 Ark. 161; 1 Gray, 1; Black, Intox. Liq. §§ 351, 355, 356, 364, 521. There being no oath or affirmation to support the warrant, the mayor's court had no jurisdiction. 41 Me. 419. A search warrant must not issue except upon probable cause, supported by oath. 8 Gray, 539; 6 Gray, 491; 11 Clarke (Ia.) 165; Black, Intox. Liq. § 355. Issuing a search warrant without an oath as a basis is proceeding without due process of law. 68 Mich. 549. As to liability in damages for executing or issuing process on a void statute, see: 46 Ark. 325; 34 Ark. 176; 36 Ark. 268; 61 Am. Dec. 410; 1 Gray 1.

BATTLE, J. The defense of the appellants is based upon an act entitled "An act to suppress the illegal sale of liquors and to destroy the same when found in prohibited districts," approved February 13, 1899. Section 1 of that act is as follows: "It is hereby made and declared to be the duty of the chancellors, circuit judges, justices of the peace, mayors and police judges, on information given or on their own knowledge, or when they have reasonable grounds to believe that alcohol, spirituous, ardent, vinous, malt or fermented liquors, or any compound or preparation thereof commonly called tonics, bitters or medicated liquors of any kind, are kept in any prohibited district to be sold contrary to law, or have been shipped into any prohibited district to be sold contrary to law, that they issue a warrant, directed to some peace officer, directing in such warrant a search for such intoxicating liquors, specifying in such warrant the place to be searched, and directing

such officer on finding any such liquors in any prohibited district to publicly destroy the same, together with the vessels, bottles, barrels, jugs or kegs containing such liquors; *provided,* that this act shall not apply to the giving away or selling of native wines where the sale is authorized by law; * * * *provided,* that any persons on whose premises or in whose custody any such liquor may be found under warrant of this act shall be entitled to his day in court before said property shall be destroyed." And section 3 is as follows: "That if any suit shall be brought against any officer or his bondsmen, or any other person, to recover for any liquors, vessels, barrels, bottles, jugs or kegs destroyed under the provisions of this act, it shall be a complete defense to such suit for such officer, bondsmen or other person to show to the satisfaction of the court or jury that such liquors so destroyed were being sold contrary to law, or were kept to be sold contrary to law, or had been shipped into any prohibited district to be sold contrary to law, or that any portion of the liquors so destroyed had been a part of any liquor so sold contrary to law, or kept to be sold contrary to law, and, upon such showing being made, such officer, bondsmen or other person shall not be liable for the value of the liquor, vessels, barrels, bottles, jugs or kegs so destroyed."

Appellees insist that so much of this act as authorizes a search is in violation of the constitution and is void. Assuming that to be true, it does not follow that the whole of the act is void. For it is evident that the act, when construed as a whole, does not intend that the search provided for shall be a condition precedent to the right to seize and destroy the liquors described.

The act makes it the duty of certain officers, on conditions named, to "issue a warrant, directed to some peace officer, directing in such warrant a search for such intoxicating liquors, specifying in such warrant the place to be searched, and directing such officer on finding any such liquors in any prohibited district to publicly destroy the same." Is this part of the act constitutional? Statutes which authorize the seizure of intoxicating liquors when illegally kept for sale, under warrant issued for that purpose, and their forfeiture or destruction when it shall be established that the liquor seized was illegally kept for sale, after notice to and hearing of claimants, have generally been upheld and sustained as constitutional. *State* v. *Miller,* 48 Me. 576; *Fisher* v. *McGirr,* 1 Gray, 1; *State* v. *Wheeler,* 25 Conn. 290; Black, Intox. Liq.

§§ 52, 53, and cases cited; 2 Tiedeman, State and Federal Control of Persons and Property, pp. 825-827, § 168, and cases cited.

After making it the duty of certain officers to issue warrants, directing the search for and seizure of intoxicating liquors kept in any prohibited district to be sold contrary to law, the act provides "that any persons on whose premises or in whose custody any such liquor may be found under warrant of this act shall be entitled to his day in court before said property shall be destroyed." This clearly means that the owner of such liquor shall be entitled to a fair and legal trial, with all the usual incidents thereto, for the purpose of ascertaining and determining whether his property has been forfeited, before it shall be destroyed; that he, or his agent in legal custody, shall have notice of the charge of the guilty purpose upon which his property is declared to be unlawfully held, a time and opportunity to prepare his defense, an opportunity to meet the witnesses against him face to face, and the benefit of the legal presumption of innocence. Without these privileges a day in court might be of little value; and it is not to be presumed that the act intended that a day in court should be a useless and worthless privilege or right, or an idle ceremony or farce.

So much, therefore, of the first section of the act as provides for the seizure and destruction of liquor kept in a prohibited district to be sold contrary to law, without that part which authorizes a search, is constitutional. This being true, and the liquor in question being subject to seizure and destruction because it was kept to be sold contrary to law, and it still being held by the sheriff to be disposed of according to law, the owners of it are not entitled to the release or value of it, because it was found by a search made for it by authority of a warrant issued for that purpose. The law imposes the forfeiture and destruction of it as a punishment for keeping it for an unlawful purpose, and it stands in an attitude like that of a criminal complaining that he has been unlawfully arrested, and insisting that he should be released and lawfully arrested before he can be tried. In the case supposed, the courts held that the legality or illegality of the arrest of the prisoner does not affect the jurisdiction of the court, or his guilt or innocence. *Elmore* v. *State,* 45 Ark. 243. So in the case at bar the liquor in question is, by reason of the seizure of the same, within the jurisdiction of the mayor's court, and the owners of it are entitled to a trial to determine whether it has been forfeited, and is subject

to destruction. Their remedy as to the liquor is at present in the mayor's court. As to remedies for unreasonable or unlawful searches, we make no decision. That is not a question in the case.

The judgment of the circuit court is therefore reversed, and the cause is remanded, with instructions to the court to overrule the demurrer to the appellant's answer, and for other proceedings.

HUGHES and RIDDICK, JJ., absent.