BETTS *v.* WARD.

Opinion delivered May 28, 1906.

LIQUORS—PROCEEDING BEFORE MAYOR TO DESTROY—CHANGE OF VENUE.— Conceding that, in a case where a mayor of a town is acting as *ex officio* justice of the peace, the statute providing for a change of venue from one justice of the peace to another in the same township (Kirby's Digest, § § 4571-4) is applicable, a mayor of a town in a prohibition district who institutes a summary proceeding for the destruction of

liquors kept therein for sale contrary to law is acting as mayor, and not as *ex officio* justice of the peace, and the statute relating to the change of venue is inapplicable.

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; reversed.

*T. C. Jobe* and *Jas. H. McCollum,* for appellant.

The proceedings in this case were under Kirby's Digest, § 5137. The motion for change of venue was properly denied, as there is no law authorizing same before a mayor. 73 Ark. 163; 36 *Id.* 305. Betts had no power as mayor to grant a change of venue; it was his duty to hear and determine the matter. His judgment is conclusive, and the only remedy is by appeal.

2. The court should have given instructions 3 and 4, as the statute provides that any individual charged with the destruction of liquors, etc., can justify by showing that the liquors had been shipped into a prohibited district *"to be sold contrary to law."* See act.

3. If Betts made a mistake in refusing to grant the change of venue, he is not liable for damages. He was a judicial officer, and had jurisdiction of the person and property. 6 Am. Rep. 508; 20 U. S. (L. Ed.), 646; 14 L. R. A. 138; 67 Am. St. Rep. 889; 71 *Id.* 254; 34 Ark. 105; 43 *Id.* 17.

*J. M. Carter,* for appellees.

When appellees complied with the law in regard to taking a change of venue, the mayor or *ex officio* justice (as there was no town ordinance) had no further jurisdiction, and he was a trespasser. Kirby's Digest, § 5586. Section 5137, *Id.* neither enlarged nor curtailed their jurisdiction. For the law on change of venue see Kirby's Digest, § § 4571-4573. On filing the affidavit the law changes the venue, and leaves nothing for the justice to do except to transmit the papers. The parties were entitled to a *fair and legal trial.* 70 Ark. 98; 72 *Id.* 171. See 82 Cal. 284; 105 Mass. 222; 48 Ark. 155; 48 *Id.* 447; 3 N. Y. 547; Rev. St. U. S. § 639; 141 U. S. 590; 63 Mich. 494; 79 Mo. 198; 79 Mo. App. 254; 27 Ark. 480. The filing of the affidavit disqualifies the judge from making any order or further proceeding. Cases *supra.* A judge acting without jurisdiction is liable in damages. 68 Mass. 120; Cooley on Torts, 416-17, 419;

88 Mass. 505; 68 *Id.* 410; 5 Johns, 290; 58 S. W. 959.

HILL, C. J.   The appellant, Betts, was mayor of the town of Hope; and the deputy prosecuting attorney filed before him information charging Ward & Key, the appellees, with having liquors in their store in the town of Hope, there to be sold contrary to law.   The mayor issued his warrant, pursuant to the duty imposed upon him in such cases by the act of 1899, section 5137, Kirby's Digest.   Said act declares: "It is hereby made and declared to be the duty of the chancellors, circuit judges, justices of the peace, mayors and police judges, on information given, or on their own knowledge, or when they have reasonable grounds to believe that alcohol, spirituous liquors, etc., (enumerating various intoxicants) are kept in any prohibited district to be sold contrary to law.   *   *   *   that they issue a warrant, directed to some peace officer, directing in such warrant a seizure of such intoxicating liquors, and directing such officer on finding any such liquors in any prohibited district to publicly destroy the same," etc.

This act has been construed in *Ferguson* v. *Josey,* 70 Ark. 98, and *Kirkland* v. *State,* 72 Ark. 171, 105 Am. St. 25.

In pursuance of the warrant some alcohol and wine were seized.   The appellees appeared in the mayor's court, and first objected to the style of the proceedings, which was overruled, and they then filed affidavit, duly supported, for a change of venue, which was denied.   Thereupon appellees withdrew from the court, and did not further defend.

In pursuance of the terms of the statute, and, after hearing, the mayor issued orders to the marshal for the destruction of the alcohol and wine, and they were destroyed.   The appellees then sued the mayor and marshal and numerous other officers for damages for the destruction of their alcohol and wine.   On trial the circuit court directed a verdict against the mayor for the value of the alcohol and wine destroyed, and from a judgment thereupon he has appealed.

This is the theory of the appellees upon which they seek to sustain the judgment: that mayors are in everything, except enforcing town ordinances, justices of the peace; that in the enforcement of the criminal laws they are acting under section 5586, Kirby's Digest.   This section confers on mayors powers of

justices of the peace and criminal jurisdiction as justices of the peace for crimes committed within their municipal lines. Section 4571-4574, Kirby's Digest, provides for change of venue from one justice to another. The argument is that when appellees presented proper affidavits for change of venue the mayor had no right to refuse to send the case to a justice of the peace, and that he *eo instanti* lost jurisdiction, and his action thereafter was void, and he was a trespasser in ordering the destruction of the liquors. Without going into the question as to whether these would be the consequences if the argument as to the change of venue was sound, suffice it to say that it is not sound. The mayor was not acting under the authority of section 5586, constituting him an *ex-officio* justice of the peace. He was acting entirely under the act of 1899 itself, which names him, with chancellors, circuit judges, police judges and justices of the peace, as a magistrate invested with authority to act in these matters. Other sections of the pre-existing law provide that proceedings before justices of the peace may be changed as therein set forth, but there is no statutory provision for change of venue from police judges, circuit judges or chancellors, and none from a mayor, unless perchance he be acting as *ex officio* justice of the peace, which he was not in this case. Therefore the mayor was exactly right in refusing to grant the petition for change of venue, and, instead of becoming a trespasser in proceeding with the case, he was properly discharging his duty.

It follows that the action against him was wholly unfounded, and the court erred in directing a verdict, and the judgment is reversed, and the action dismissed.