WHITE *v*. STATE.

Opinion delivered November 26, 1906.

LIQUORS—PROCEEDING TO DESTROY—RIGHT OF STATE TO APPEAL.—A proceeding *in rem* against liquors kept for sale contrary to law in a prohibition district, under act of February 13, 1899, is a civil action from which an appeal may be taken by the State from a final judgment of a justice of the peace.

Error to Arkansas Circuit Court; *George M. Chapline,* Judge; affirmed.

*D. E. Tucker,* for appellants.

1. The testimony did not warrant the finding of the Court. The mere possession and use of intoxicating liquors is not prohibited by the statute. There must be an intent to sell contrary to law,—and that intent ought to be shown to have existed beyond a reasonable doubt. 105 Mass. 595.

2. The testimony of the claimants is positive that they formed a club and purchased the liquor for their own use, and that it was not intended for sale. These witnesses were unimpeached. The finding of the court is not sustained by the evidence. 21 Ark. 468; 24 Ark. 224; 13 Ark. 71; 8 Ark. 155; 10 Ark. 309; 27 Ark. 592; 7 Ark. 462; 33 Ark. 751; 34 Ark. 632. See also 72 Ark. 17.

3. The State had no right of appeal from the judgment of the justice of the peace. Kirby's Digest, § 2577.

*Robert L. Rogers, Attorney General, G. W. Hendricks* and *John F. Park,* for appellee.

1. Under our decisions the rule is different from that contended for by appellants, and 105 Mass. 595 does not apply.

It is civil proceeding, and a preponderance of the evidence is sufficient. 72 Ark. 171.

2. The trial court had legally sufficient evidence on which to base its finding. Such being the case, this court will not disturb it. 40 Ark. 144; 23 *id.* 61; *id.* 208; 60 *id.* 258; 53 *id.* 161; 56 *id.* 623.

3. The statute, Kirby's Digest, § 2577, applies in criminal and not in civil cases. Compare Crim. Code, § 335. Since this is a civil proceeding, the State may appeal from the judgment of the justice of the peace.

BATTLE, J. This is a proceeding instituted before a justice of the peace, and taken by an appeal to the Arkansas Circuit Court, under an act, entitled "An act to suppress the illegal sale of liquors and to destroy the same when found in prohibited districts," approved February 13, 1899. A barrel of whisky, containing forty-five gallons, and thirty-three pints in bottles or flasks was seized by the sheriff of Arkansas County. They were found in the possession of John LaCotts in a prohibited district, and were alleged to be kept to be sold therein contrary to law. Notice was given to LaCotts that an application would be made on the first of August, 1905, to J. M. Rasco, a justice of peace of Arkansas County, for an order to destroy the same on the ground they had been shipped into the district to be sold contrary to law. John White and eleven others appeared before the justice and claimed the whisky, and that it was kept for their "individual use, and was not intended for sale or to be given away." In the justice's court the claimants recovered judgment, but on appeal to the circuit court, after a trial, judgment was rendered condemning the whisky to be destroyed; and claimants appealed.

Appellants contend that no appeal could be taken from the justice of the peace, the proceeding being criminal. The contention is not tenable. In *Kirkland* v. *State,* 72 Ark. 171, 105 Am. St. 25, it was held "that the proceeding prescribed by the act of February 13, 1899, is civil, and that a preponderance of the evidence is sufficient to sustain it." The Constitution of the State provides that "appeals may be taken from the final judgments of the justices of the peace to the circuit courts under such regulations as are now, or may be, provided by law." Art. 7, sec. 42. And the statute provides: "Any person aggrieved by any judgment rendered by a justice of the peace, except a judgment of dismissal for want of prosecution, may in person or by his agent take his appeal therefrom to the circuit court." Kirby's Digest, § 4665. So an appeal lay from the judgment of the justice of the peace to the circuit court.

Appellants argue that the evidence adduced in the trial was not sufficient to sustain the findings and judgment of the circuit court. The whisky was found and kept in a prohibited district. There is no controversy as to that fact. As to the purpose for which it was kept, the evidence is conflicting. There was sufficient

evidence to sustain the finding of the court—that it was kept to be sold in the district contrary to law.

Judgment affirmed.