LEACH *v.* COOK, COMMISSIONER OF REVENUES.

4-8223                                              202 S. W. 2d 359

Opinion delivered May 26, 1947.

*Ohmer C. Burnside, Carneal Warfield* and *Ben Wilkes,* for appellant.

*Bruce T. Bullion,* for appellee.

GRIFFIN SMITH, Chief Justice.   Liquor in transit from Louisiana to Mississippi was taken from two motor trucks in Chicot County by agents of the State Revenue Department.   Its value is said to be in excess of thirteen thousand dollars.   When the contraband was brought to Little Rock it was placed in storage.   The Commissioner instituted an action in Pulaski Circuit Court to procure an order of confiscation, and Leach intervened.   The sole question is whether venue was in Chicot or Pulaski County.

It was stipulated that the transporters were apprehended with two trucks between Lake Village and Eudora.   The vehicles were being driven by W. A. Lunceford and Jake Turnbull.   Lunceford and Leach were joint owners of the shipment.   It is conceded that the transaction was unlawful and that Act 357 of 1941 was not in any respect observed.   It is unnecessary, therefore, to enumerate the

several concurring acts or omissions that rendered the transaction illegal. Drivers of the trucks were arrested for trial under Act 219 of 1943.

We agree with the intervener as appellant that Turnbull and Lunceford cannot be tried in Pulaski County on the misdemeanor charge. Venue would lie in any County through which they passed or into which they entered with the liquor. Act 357 subjects to confiscation intoxicants such as those here involved, but before an owner's rights can be divested there must be proper order of a court of competent jurisdiction. The proceeding is *in rem* and the Court's action is independent of criminal charge, made so by the statute. But it is contended by appellant that the liquor was wrongfully taken from Chicot County, hence an action against it in Pulaski County cannot be maintained.

The applicable Act of 1941 has not been construed and the controversy presents an issue of first impression. Since condemnation must be by a court of competent jurisdiction, answer to appellant's challenge of the judgment must rest upon a determination that the statutory language is susceptible of but one meaning; or, if ambiguous, the intent may be deduced from the sentence when read in connection with the purpose sought to be attained.

Section three of the Act is a mandate that confiscated liquors be turned over to the Commissioner of Revenues.[1] The Commissioner's duties are state-wide, and his action in detaining Lunceford and Turnbull and holding the consignment was not an abuse of power. It is reasonable to believe that if the General Assembly had intended to

---

[1] Duties of the Commissioner in respect of enforcement of laws affecting alcoholic beverages are found in § 6 of Act 7 of the Extraordinary Session of August, 1933, Pope's Digest § 14198; §§ 5, 11, and 12 of Act 69 of 1935, Pope's Digest §§ 14227, 14233 and 14234; § 8 of Act 109 of 1935, Pope's Digest § 14180. [The printed volume of the Acts of the Extraordinary Session of 1933 and 1934, p. 20, shows the following paragraph in § 2 of Act 7 of the August 1933 Session "The term 'light wine' means the fermented liquor made from malt or any substitute therefor and having an alcoholic content of not in excess of 3.2 percent by weight." The original engrossed bill reads: "The term 'light wine' means the fermented juice of grapes or other small fruits, including berries, and having an alcoholic content of not in excess of 3.2 per cent by weight." But see Act 108 of 1935].

restrict venue to the County where the liquor was taken, it would have said so. As to condemnation Circuit Court has general jurisdiction. Whether Pulaski Circuit was a court of "competent" jurisdiction as contemplated by the Legislature when Act 357 was passed depends upon venue. The term is defined by Webster as the place or county in which the alleged events from which an action arose took place.

The legal fiction is that the event or action or conduct justifying confiscation and condemnation of liquor inheres to the commodity. Its offense is against the people as a whole as distinguished from those in a particular county, judicial circuit, or subdivision of the State. The situation is somewhat analogous to a nuisance which may be abated by destroying the thing that offends, or enjoining those responsible for maintaining it.

The Court did not err in its findings, and the judgment must be affirmed. It is so ordered.