MORLEY, COMMISSIONER OF REVENUES *v.* FIFTY CASES
OF WHISKEY.

4-9067                                           226 S. W. 2d 344

Opinion delivered January 30, 1950.

*O. T. Ward, H. Maurice Mitchell* and *Ike Murry,*
Attorney General, for appellant.

*L. L. Mitchell,* for appellee.

DUNAWAY, J.   Appellants, Dean R. Morley, as Com-
missioner of Revenues, and the State of Arkansas appeal
from an order of the Circuit Court of Nevada County,
directing that fifty cases of whiskey which had been seized

as contraband under the alcoholic control laws of this state be returned to their owner, a resident of the dry State of Oklahoma.

The facts as stipulated by counsel are as follows: On or about November 27, 1948, the Sheriff of Nevada County stopped an automobile, driven by one O. J. Bounds, south of Prescott, Arkansas. Fifty cases of whiskey, bearing revenue stamps of the State of Louisiana, but on which the Arkansas excise tax had not been paid, were removed from the car. Bounds had purchased the liquor in Shreveport, Louisiana, and was transporting it to Oklahoma. He did not have a permit from the Revenue Commissioner of the State of Arkansas to transport liquor through this state. Nevada County, Arkansas, is a "dry" county.

In addition to the stipulation, the only proof in the case was an invoice from the Blue Grass Liquor Store in Shreveport, apparently introduced by agreement, showing that one F. U. B. Derrick, of Tabler, Oklahoma, was consignee of the whiskey in question.

The original action for forfeiture of said whiskey was begun in the Nevada Circuit Court by the State of Arkansas on relation of the Prosecuting Attorney of the Eighth Judicial District, alleging violation of several sections of the Arkansas alcoholic control laws. The Commissioner of Revenues intervened, alleging that said whiskey was being transported through Arkansas in violation of the provisions of Act 423 of the Acts of 1947 (Ark. Stats. §§ 48-920—48-933) ; that said whiskey was declared to be contraband in accordance with § 6 of said act and should be delivered to the Commissioner.

Although four separate violations of the law were alleged as the basis for forfeiture of the liquor, we deem it necessary to discuss only one. In Ark. Stats. (1947), § 48-404, it is provided that it shall be unlawful for any person to transport liquor into the state, without first having obtained a permit from the Commissioner of Revenues. All liquor found in the possession of any person

violating any alcoholic control law of this state is declared to be contraband which shall be seized and forfeited under the provisions of Ark. Stats., § 48-925 (§ 6 of Act 423 of the Acts of 1947).

The procedure upon seizure of liquor found in possession of one violating the foregoing sections of our statutes is set out in Ark. Stats., § 48-926 through § 48-929: Said liquor shall be turned over immediately to the Commissioner of Revenues in Little Rock. Within three days after receipt of same, he shall cause to be published in a newspaper having statewide circulation, a notice, to appear twice within a thirty day period, fifteen days apart. Said notice shall contain a list of the liquors seized, the approximate retail value thereof, the person if known from whom taken, the place where seized, and the advice that said liquors will be sold by the Commissioner thirty days from the first published notice. Within the thirty day period, anyone claiming any interest in said liquors may file a written petition requesting a hearing before the Commissioner to determine his rights therein. Within ten days from this request a hearing must be held, unless good cause for delay is shown, at which the witnesses shall be sworn and the testimony recorded. The Commissioner is required to make written findings of fact and enter his order on same, within fifteen days after completion of said hearing. An appeal may be taken to the Circuit Court of Pulaski County within fifteen days after the Commissioner's order has been entered, by lodging a transcript of the record of the hearing held before the Commissioner. No new evidence is heard by the Circuit Court on appeal. A further appeal may be taken to the Supreme Court.

Appellee seeks to sustain the order of the trial court on three grounds:

(1) Act 423 of the Acts of 1947 (Ark. Stats., § 48-920 through § 48-933) is a local act violative of Amendment No. 14 of the Constitution of the State of Arkansas because .certain of its provisions apply only to "dry" counties.

(2) This Act violates Art. 7 § 11 of our State Constitution in taking jurisdiction from the Circuit Courts and placing it in the Commissioner of Revenues.

(3) Condemnation of the whiskey in question under the procedure set forth would deprive the owner of his property without due process of law, in violation of Art. 2, § 8 of the State Constitution.

We find all of appellee's contentions to be without merit. Since our decision is based on the law violation committed by Bounds in failing to obtain from the Commissioner of Revenues the required permit to transport liquor, we will not set out the provisions of the statutes which were violated by having the fifty cases of whiskey in a "dry" county under the circumstances in this case. The creation of additional offenses for possessing more than one gallon of liquor in "dry" counties, except under conditions prescribed by the Commissioner, clearly did not make Act 423 of the Acts of 1947 a local or special act. For the purpose of better enforcing the laws of this state in regard to the sale of alcoholic beverages, the Legislature made distinction between possession of quantities of liquor in counties where its sale is legal, and those in which it is prohibited. The legislative classification thus made was certainly appropriate and germane to the subject and was based upon substantial differences in situation. The reasonable relation between the subject matter of the limitation and the classification made, plainly meets the test of a general act as laid down in *Simpson* v. *Matthews*, 184 Ark. 213, 40 S. W. 2d 991. For an excellent discussion of "Special and Local Acts in Arkansas", see 3 Ark. Law Review 113.

From a careful consideration of the procedure hereinabove outlined to be followed upon the seizure of contraband whiskey, it is obvious that the Legislature did not attempt to make a "court" of the Commissioner of Revenues or to vest in him any judicial power in contravention of our Constitution. The hearing prescribed before the Commissioner is merely a preliminary step to the adjudication of the issue of forfeiture of the contraband by the

Circuit Court. The procedure here provided can be well-described in language of the United States Supreme Court, discussing a comparable situation in the case of *U. S.* v. *Ritchie,* 17 How. 525, 15 L. Ed. 236, quoted with approval in *Civil Service Com. of Van Buren, Ark.* v. *Matlock,* 206 Ark. 1145, 178 S. W. 2d 662 at page 1150: ''It is also objected that the law prescribing an appeal to the district court from the decision of the Board of Commissioners is unconstitutional; as this Board, as organized is not a court under the Constitution, and cannot, therefore, be invested with any of the judicial powers conferred upon the general government. (Citing cases.) But the answer to the objection is, that the suit in the district court is to be regarded as an original proceeding, the removal of the transcript, papers, and evidence into it from the Board of Commissioners being but a mode of providing for the institution of the suit in that court. The transfer, it is true, is called an appeal; we must not, however, be misled by a name, but look to the substance and intent of the proceeding.''

It is well settled that an action for condemnation of contraband liquor as forfeited property is a proceeding in rem. *Ferguson* v. *Josey,* 70 Ark. 94, 66 S. W. 345; *Kirkland* v. *State,* 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. Rep. 25, 2 Ann. Cas. 342, *Leach* v. *Cook, Com. of Rev.,* 211 Ark. 763, 202 S. W. 2d 359. It was further decided in the *Leach* case that although the liquor there involved was seized in Chicot County, the Commissioner had the right to proceed in rem for its condemnation in the Pulaski Circuit Court, the jurisdiction where the liquor was held at the time the action was instituted. It had been contended, as here, that the condemnation action must be in the county where the liquor was seized. In that case the Commissioner was proceeding under authority of Act 357 of the Acts of 1941, which provided that all liquors confiscated anywhere in the state be turned over to the Commissioner, and that the order of condemnation be by any ''court of competent jurisdiction''. In the act under consideration in the case at bar, the Legislature has gone further and placed the exclusive jurisdiction for

liquor condemnation proceedings by the Commissioner in the Pulaski Circuit Court. As already pointed out, the fact that the Circuit Court action is instituted by an appeal from the Commissioner's order is immaterial. The end legal result is the same as that approved by this court in the *Leach* case.

The procedure prescribed by the statute for a claimant to have his rights in confiscated liquor determined in no way deprives him of his property without due process of law. The rights of a person in property of this kind were discussed by this court in *Kirkland* v. *State,* supra, where an attack was made on the constitutionality of Act 13 of the Acts of 1899. That act provided for the confiscation and destruction of illegal liquors on order of chancellors, circuit judges, justices of the peace, mayors and police judges, "provided, that any persons on whose premises or in whose custody any such liquor may be found under warrant of this act shall be entitled to his day in court before said property shall be destroyed." Of this proviso we said in the *Kirkland* case, at page 176, (first quoting from the earlier case of *Ferguson* v. *Josey,* supra): " 'This clearly means that the owner of such liquor shall be entitled to a fair and legal trial, with all the usual incidents thereto, for the purpose of ascertaining and determining whether his property has been forfeited, before it shall be destroyed; that he, or his agent in legal custody, shall have notice of the charge of the guilty purpose upon which his property is declared to be unlawfully held, a time and opportunity to prepare his defense, an opportunity to meet the witnesses against him face to face, and the benefit of the legal presumption of innocence.' The latter clause of the sentence quoted enumerates usual incidents of a fair and legal trial. A jury is not mentioned, and it is not necessary to constitute a fair and legal trial. In no case is a trial by jury expressly or impliedly required, or necessary to a full and complete enforcement of the act."

The procedure under Act 423 here challenged certainly gives the owner of any seized liquor full oppor-

534

tunity for a fair and legal trial. It is undisputed that the whiskey in question was in Bounds' possession being transported without a permit from the Commissioner of Revenues in violation of the law. The validity of requiring such a permit was upheld in *Duckworth* v. *State*, 201 Ark. 1123, 148 S. W. 2d 656, aff'd 314 U. S. 390, 62 S. Ct. 311, 86 L. Ed. 294, 138 A. L. R. 1144. The whiskey should therefore have been turned over to the Commissioner in accordance with the mandate of the Legislature; the lower court was without jurisdiction to make the order appealed from.

The judgment is accordingly reversed, and the cause remanded with directions that the fifty cases of whiskey be delivered to the Commissioner of Revenues or his agents.