# Cleofas LIMON *v.* STATE of Arkansas

84-202                              685 S.W.2d 515

Supreme Court of Arkansas
Opinion delivered March 11, 1985

*Douglas W. Parker*, for appellant.

*Steve Clark*, Att'y Gen., by: *Velda P. West*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The Controlled Substances Act was amended in 1981 to provide for the forfeiture of all moneys used or intended to be used to facilitate a violation of the Act. The amendment also provides that all moneys found "in close proximity" to forfeitable controlled substances or to forfeitable drug manufacturing or distributing paraphernalia are presumed to be forfeitable. The burden of proof to rebut the presumption is on the claimant to the property. Ark. Stat. Ann. § 82-2629 (a)(6) (Supp. 1983). Forfeitable property other than drugs includes equipment of any kind used or intended for use in delivering controlled substances and all property used or intended for use as a container for controlled substances. Section 82-2629 (a) (1), (2), and (3).

The question here is whether the State was entitled to confiscate $3,000 and $1,770 found in separate rooms in a house occupied by the appellant Cleofas Limon and by Jennifer Taylor, in Rudy, Arkansas. On Limon's petition to release the money the circuit judge held that Limon is entitled to the return of the $3,000, but not of the $1,770. An appeal and cross appeal bring both issues to us under Rule 29 (1) (c).

Acting under a search warrant, police officers searched the house and found on a shelf in the bathroom a plastic bag containing $1,000 and another containing $770. Those bags were next to a third bag containing an ounce of marihuana. The officers also found in a kitchen drawer a total of $3,000 in two plastic bags, along with "boxes of plastic bags and aluminum foil and so forth." Other drug paraphernalia were on the kitchen table. Within ten feet of the money was a vial containing a residue of white powder which, according to the arresting officer, Limon identified as cocaine. Other indications of drug activity within the residence included marihuana residue in two suitcases, a tin box containing marihuana, a tray containing about a fourth of an ounce of marihuana, three pipes, and five vials.

Limon was later charged with possession of a controlled substance with intent to deliver. A forfeiture is nevertheless an *in rem* civil proceeding, independent of the criminal charge and to be decided by a preponderance of the evidence. *Morley* v. *Fifty Cases of Whiskey*, 216 Ark. 528, 226 S.W. 2d 344 (1950); *Leach* v. *Cook*, 211 Ark. 763, 202 S.W. 2d 359 (1947); *Kirkland* v. *State*, 72 Ark. 171, 78 S.W. 770, 65 LRA 76, 105 Am. St. Rep. 25, 2 Ann. Cas. 242 (1904). This being a civil case, we set aside the trial judge's findings if they are clearly erroneous. A.R.C.P. Rule 52 (a).

"In close proximity" simply means "very near." For that reason it has been said that the meaning of the term in such a statute is to be determined on a case-by-case basis. *Bozman* v. *Office of Finance of Baltimore County*, 445 A. 2d 1073 (Md. App. 1982), aff'd 296 Md. 492, 463 A. 2d 832 (1983). We agree with that approach and do not mean by this opinion to suggest rigid rules for fixing "close proximity" by a particular number of feet, by reference to particular rooms, or by any rule of thumb. Here the two plastic bags containing $1,770 were next to a bag of marihuana. The $3,000 was in two plastic bags in a kitchen drawer along with boxes of plastic bags and aluminum foil. Other drug paraphernalia were on the kitchen table; the cocaine vial was nearby. We think the preponderance of the evidence places all the money, not merely the $1,770, in close proximity to controlled substances or drug paraphernalia. That being true, all the money is presumed under the statute to be forfeitable. There is no burden on the state to show separately a specific intent that the money is to be used in exchange for drugs, because the statute provides that money found in close proximity to forfeitable articles is "presumed to be forfeitable." § 82-2629(a)(6), *supra*.

The question, then, is whether Limon and Ms. Taylor overcame the presumption. The two, though not married, had lived together for five years and regarded their property as belonging to them both. They testified that the total of $4,770 had come from the sale of a car six months earlier. They did not explain why they had kept such large sums in plastic bags for so long, except that Ms. Taylor did say, "I just don't desire to open a bank account." At one point she

said that the car had been in her name and that the money was hers, but otherwise she referred to both the money and the car as being their property. The trial judge evidently did not accept Ms. Taylor's claim to sole ownership, for he forfeited the $1,770 found in the bathroom. He seems to have overlooked the statutory provision that money is subject to forfeiture if found in close proximity to drug paraphernalia, for his written opinion mentioned only proximity to controlled substances.

There were also strong indications that the money was to be used immediately for the purchase of drugs. At the time the house was searched, both Limon and Carl Jacobs were arrested there. An officer testified that Limon told him at the time that he was negotiating to buy marihuana from Jacobs for $400 a pound. Called back to the witness stand to rebut that statement, Limon was evasive. He admitted having told the officer that he wouldn't give more than $400 for marihuana and having said, "Well, it's probably not worth more than $400." When Jacobs was arrested along with Limon, Jacobs had a plastic bag of marihuana on his person and 15 pounds of it in his vehicle outside the house. When we consider the evidence of joint ownership, the proof of extensive drug activity in the house, Limon's apparent negotiations to buy marihuana at $400 a pound, and the close proximity between the $3,000 and the cocaine and drug paraphernalia in the kitchen, we are convinced that the preponderance of the evidence clearly shows that the $3,000 as well as the $1,770, was subject to forfeiture.

Affirmed on direct appeal, reversed on cross appeal.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I agree with the majority that forfeiture is a civil action and is to be decided by a preponderance of the evidence. I further agree that we are not supposed to upset the trial judge's findings unless they are clearly erroneous. I cannot understand why the majority believes that the trial court was clearly in error. Apparently the decision is based primarily on the fact that the $3,000 was found in a plastic bag in the kitchen. Officers

also found aluminum foil and no doubt knives, forks and spoons. Why not go ahead and forfeit the china, utensils and the oven, which no doubt were in close proximity to the plastic bags and aluminum foil? It seems to me that the trial court's decision was based upon that portion of Ark. Stat. Ann. § 82-2629(a)(6) which states in part: "[N]o property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or ommission [sic] established by him to have been committed or omitted without his knowledge or consent." There is no evidence that the transactions here considered were with the owner's consent or knowledge.

In order to forfeit this $3,000, the trial court would have had to find that the money was furnished or intended to be furnished in exchange for a controlled substance, or that it was in close proximity to contraband or paraphernalia. If the appellant intended to buy a controlled substance, there is no evidence that this particular money would have been used. Why should he have used Ms. Taylor's money when he had more than enough money readily available? I think the trial court was correct in ordering the other money forfeited because it was in close proximity to controlled substances and paraphernalia. Jennifer Taylor testified without contradiction that this money was hers and was to be used to purchase a car. She furnished undisputed evidence that she had received more than this amount of money for the sale of her car. There is absolutely no evidence in the record that she was in any way involved in dealing in controlled substances. She was neither charged nor arrested. It seems abundantly clear to me that Ms. Taylor overcame the rebuttable presumption, if such presumption applies. It must be remembered that before the presumption can arise, there must be evidence that this particular money was furnished or intended to be furnished in exchange for a controlled substance or was in the proximity of drug paraphernalia. It is a cardinal principle that forfeitures are not favored and statutes imposing forfeitures must be strictly construed. It seems to me that the $1,700 found in close proximity to one ounce of marijuana was the type of property the legislature intended to be forfeited. The majority, in my opinion, had to resort to conjecture and speculation that the $3,000 did not

belong to Ms. Taylor, in spite of the fact that appellant stated he considered what was hers to be his also, or that it was intended to be exchanged for a controlled substance. Next, I suppose all containers, on the premises, including cooking utensils, will be forfeited if a gram of cocaine or a marijuana roach is found in an ashtray or is deposited on the property without the knowledge or consent of the owner. In my opinion the trial court was absolutely correct in finding the presumption did not apply to the $3,000 or that if it did the owner overcame the presumption by proof that any dealing involving her money was without her knowledge and consent. Such transactions of a spouse take away the property or money of the other spouse when such spouse is completely innocent. There is no due process of law in such cases.

I would affirm the decision of the trial court.