564 F.2d 1066
 78-1 USTC P 16,279
 UNITED STATES of America, Appellant,
v.
MAYOR AND CITY COUNCIL OF BALTIMORE, Donald Pomerleau,
Police Commissioner, Officer Richard L. Christ,
and Charles L. Benton, Director of
Finances, Appellees.
UNITED STATES of America, Appellant,
v.
MAYOR AND CITY COUNCIL OF BALTIMORE, Donald Pomerleau,
Police Commissioner, Officer William A. Cooper,
and Charles E. Benton, Director of
Finance, Appellees.
UNITED STATES of America, Appellee,
v.
MAYOR AND CITY COUNCIL OF BALTIMORE, Appellants,
and
Donald Pomerleau, Police Commissioner, Charles L. Benton,
Director of Finance, and Officer Charles J.
Rudolph, Defendants.
 Nos. 76-2131 to 76-2133.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 5, 1977.
Decided Sept. 16, 1977.
 
 Gilbert S. Rothenberg, Atty., U. S. Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen. of Md., Washington, D. C., Gilbert E. Andrews, Jr., and Michael L. Paup, Attys., U. S. Dept. of Justice, Washington, D. C., and Jervis S. Finney, U. S. Atty., Baltimore, Md., on brief), for appellant in Nos. 76-2131 and 76-2132 and for appellee in No. 76-2133.
 Carl Berenholtz, Asst. Sol., City of Baltimore, Baltimore, Md. (Benjamin L. Brown, City Sol. for City of Baltimore, Baltimore, Md., on brief), for appellees in Nos. 76-2131 and 76-2132 and for appellants in No. 76-2133.
 Before WINTER, BUTZNER and HALL, Circuit Judges.
 K. K. HALL, Circuit Judge:
 
 
 1
 These consolidated appeals involve separate civil actions instituted by the United States of America against the Mayor and certain other officers of the City of Baltimore (City). The United States sought to enforce certain tax levies served upon agents of these defendants pursuant to 26 U.S.C. §§ 6331 and 6332 of the Internal Revenue Code. The funds sought by the tax levies were various monies seized from taxpayers Hawkins, Cork and Hensley at the time they were arrested for various violations of Maryland State gambling laws and, in one instance, a violation of a Baltimore City ordinance.[1] The City disputed the claim of the United States and contended that the monies had been forfeited to it by virtue of court ordered forfeitures decreed pursuant to Ann.Code of Maryland, Art. 27, § 264(a)-(d) (1973 Cum.Supp.), even though, in each instance, the court ordered forfeitures occurred after the federal tax liens had already attached.[2]
 
 
 2
 The undisputed facts are adequately set forth in the opinion filed by the court below and reported as United States v. Mayor and City Council of Baltimore, 416 F.Supp. 380 (D.Md.1976).
 
 
 3
 Briefly, the events occurred in the following order:
 
 
 4
 Date
 Amount of Amount of Federal Date
Date of Currency Taxes Date of Lien Forfeiture
Arrest: Seized: Assessed: Conviction: Attached: ordered:
-------- --------- --------- ----------- --------- ----------
 Taxpayer HAWKINS
 ----------------
10-17-72 $4,156 $3,736.67 11-17-72 11-20-72 3- 7-73
 Taxpayer CORK
 -------------
12-5-72 $6,730 $6,786.82 5- 2-73 1-17-73 12-20-74
 Taxpayer HENSLEY
 ----------------
(a)
 5-31-73 $ 276 6-13-73 1-16-74
(b) $2,600 8- 3-73
 6-15-73 $1,064 6-22-73 1-29-74
 
 
 5
 The district court considered the date of conviction to be the controlling factor and entered judgment in favor of the City as to the funds seized from taxpayer Hawkins (Appeal No. 76-2131) and as to the funds seized from taxpayer Hensley (Appeal No. 76-2132). Judgment was entered in favor of the United States as to taxpayer Cork (Appeal No. 76-2133). We disagree with the reasoning of the district court and hold the date forfeiture was ordered to be controlling insofar as concerns the rights of the City.
 
 
 6
 The United States appealed and the City cross-appealed.
 
 
 7
 We find for the United States in all three cases.
 
 
 8
 More specifically we hold that under Article 27, Section 264, Annotated Code of Maryland, as it existed prior to the 1974 amendments thereto, the actual forfeiture of money seized in connection with a gambling raid occurs only upon the entry of ". . . an order (by the appropriate circuit court) declaring and ordering that such money, . . . in the custody of the director of finance or county treasurer shall be forfeited to the sole use and gain of said county or city." Art. 27, Section 264(c), Annotated Code of Maryland (1973 Cum.Supp.).[3] The forfeiture does not relate back to the date the individual from whom the funds were seized either pleads or is found guilty and is then adjudged convicted of one or more of the enumerated gambling violations contained in Article 27, Section 264(a). Our analysis of the applicable law differs from that followed by the district court in several important respects.
 
 
 9
 First. The relevant statute, Article 27, Section 264,[4] does not constitute a general forfeiture statute wherein, upon seizure of an article such as money seized in a gambling raid, title is immediately divested from the possessor of the article and vested instead in the seizing authority. Instead, Article 27, Section 264, provides a custodial vehicle whereby, pending trial or the ultimate disposition of the criminal charges levied against an accused, the monies seized ". . . shall be deposited with, and accounted for by the county treasurer of the county or the director of finance in Baltimore City." Article 27, Section 264(b). The monies so seized are deemed only to be ". . . prima facie . . . contraband." Article 27, Section 264(a). Finally, even the actual conviction of the alleged transgressor does not automatically vest title in the City as the seizing authority because: (a) Section 264(c) of Article 27 expressly conditions forfeiture upon application to the appropriate circuit court for, and the entry of, an order of forfeiture after the conviction of the transgressor; (b) the decision by the county treasurer or director of finance in Baltimore City to apply for and obtain such a forfeiture order is entirely a permissive one since the statute says that these individuals "may" (not "shall") apply for the forfeiture order following the conviction; and (c) because the forfeiture statute only requires that the application for forfeiture be made at some unspecified time after the expiration of one month from the date of the record of the conviction, if ever. Thus, the one month time requirement sets a limit regarding the earliest time the application for forfeiture could be filed, but the statute does not set a time limit after which application for a forfeiture will not be permitted following a conviction.
 
 
 10
 In Gatewood v. State, 268 Md. 349, 301 A.2d 498 (1973), the court held that in a controlled substances forfeiture proceeding under Article 27, Section 297, Annotated Code of Maryland, a four-month delay between the expiration time for the claimant's appeal from his criminal conviction and the actual filing of the forfeiture petition was, since good cause was shown for the delay, satisfactory compliance with Section 297's requirement that proceedings for forfeiture ". . . shall be instituted promptly."However, in Geppi v. State, 270 Md. 239, 310 A.2d 768 (1973), another Section 297 forfeiture case, the court held that a delay of eight months and eight days did not satisfy the statutory requirement for prompt filing of the application for forfeiture since no good cause for the delay was shown.
 
 
 11
 From Geppi, Gatewood, and from the statutes themselves, we believe it logically follows that until the application for and the entry of the order of forfeiture whether filed "promptly" or otherwise in the separate in rem civil proceeding for forfeiture (as opposed to the criminal case), the seized funds, while in the custodial control of the seizing authority, are in actuality the property of the original owner and are thus ". . . property and rights to property, whether real or personal, belonging to (that) person" 26 U.S.C. § 6321, Internal Revenue Code, and are therefore subject to levy under a federal tax lien. United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955); United States v. Security Tr. & Sav. Bk., 340 U.S. 47, 50, 71 S.Ct. 111, 95 L.Ed. 53 (1950).
 
 
 12
 Second. In 1974, the Maryland Legislature amended Article 27, Sections 264(a) and (c). Under Section 264(c), the forfeiture section, the permissive language providing that the county treasurer or director of finance "may . . . make application to the circuit court . . . for an order . . . of (forfeiture)" was changed to require those officials to make application for an order of forfeiture if a conviction was entered against the party from whom the property was seized.[5]
 
 
 13
 Further, Article 27, Section 264(a), dealing with the articles which the Maryland Legislature has deemed to be contraband, was also amended and a phrase was added expressly indicating that all rights, title and interest in the money, which was seized, shall immediately vest in the seizing authority subject to return as thereafter set forth in the remaining two sections of the statute.[6]
 
 
 14
 These two significant amendments to Article 27, Section 264, support our holding that a forfeiture could not occur under the pre-1974 statute until an actual court ordered forfeiture was entered following conviction of the accused.
 
 
 15
 Third. We believe, contrary to the district court, that although the New Jersey statutory scheme for forfeitures is arguably analogous to the Maryland statutory scheme for forfeitures contained in Article 27, Section 264, it nevertheless differs because New Jersey, unlike Maryland, has a general forfeiture statute. See Section 2A:152-6 N.J. Statutes Annotated. Accordingly, reference to the New Jersey precedent by the district court was inappropriate.
 
 
 16
 In this case, the monies seized from Hawkins, Cork and Hensley, even though seized by the City who held it as custodian, nevertheless remained the "property and rights to property" of the taxpayer-gamblers at the time the federal tax liens attached, 26 U.S.C. § 6321, and prior to the Maryland Circuit Court ordered forfeitures. Such monies should have been declared subject to the priority lien of the United States, and the cases should have proceeded accordingly.
 
 
 17
 76-2131 Reversed.
 
 
 18
 76-2132 Reversed.
 
 
 19
 76-2133 Affirmed.
 
 
 
 [1]
 Our disposition of this case obviates any need to consider the separate contention of the United States as to Hensley that possession of flash paper, a violation of a Baltimore City ordinance, does not serve as a proper basis for Maryland to seek forfeiture of the sums seized since that charge is not one which is enumerated in Art. 27, § 264(a), Ann.Code of Maryland (1973 Cum.Supp.)
 
 
 [2]
 Since the United States was not made a party to the forfeiture proceedings, even though its tax liens were duly filed at the time the forfeiture proceedings were commenced, its liens remained undisturbed by the court ordered forfeitures. See 26 U.S.C. § 7425(a)
 
 
 [3]
 Unless otherwise noted, all references hereafter are to Section 264 prior to the 1974 amendments
 
 
 [4]
 The statute is set forth in its entirety in the opinion of the district court. 416 F.Supp. 380, 382 at n.3
 
 
 [5]
 Article 27, Section 264(c), Annotated Code of Maryland, now provides in relevant part that: "If the trial . . . , results in a record of conviction . . . , in connection with which the said money, . . . may have been so seized or captured, the county treasurer of the county or director of finance in Baltimore City, may after one month shall within ninety days (of the) conviction . . . make application . . . for an order declaring and ordering . . . such money . . . forfeited . . . ." The permissive language contained in Section 264(c) prior to 1974 has been stricken for comparative purposes
 
 
 [6]
 Article 27, Section 264(a), Annotated Code of Maryland, now provides: "All rights, title and interest in and to such money, . . . shall immediately vest in and to the local governments of the city and counties . . . ." The statute prior to 1974 had no such automatic title vesting language