## OFFICE OF FINANCE OF BALTIMORE COUNTY, MARYLAND v. KENNETH WAYNE JONES

[No. 426, September Term, 1979.]

*Decided July 28, 1980.*

The cause was argued before MELVIN, MASON and WILNER, JJ.

Submitted on brief by *Leonard S. Jacobson, County Solicitor for Baltimore County,* and *Alan B. Henderson, Assistant County Solicitor,* for appellant.

*J. Edward Smith, Jr.,* for appellee.

MASON, J., delivered the opinion of the Court.

Appellant, Baltimore County, filed a petition seeking forfeiture of $11,066 seized in a narcotics raid at the

residence of appellee, Kenneth Wayne Jones. From a denial of its petition the county appeals and argues:

I. That the trial court erred in denying its petition for forfeiture on the basis that the petition was not filed within the ninety days from the date of final disposition of criminal proceedings.

II. That the trial court erred when it applied the ninety day time limit for filing of the forfeiture petition when the seizure was pursuant to a valid search warrant.

The facts, which are not disputed, reveal that on April 9, 1974 the Baltimore County Police pursuant to a valid search warrant for appellee's residence, seized $11,066 found in close proximity to a large quantity of heroin. This money was turned over to the county on April 11, 1974. Later, Jones was convicted on November 18, 1975, of violating the narcotics laws and was sentenced to a total of 24 years. He filed an appeal on December 17, 1975, and was advised by the clerk of the lower court that the record would have to be filed in this Court by February 15, 1976, and that the fees for the appeal and transcript would have to be filed with the clerk of the lower court by February 9, 1976. Jones took no further action to perfect his appeal. Consequently, neither the transcript nor the record was prepared and transmitted to this Court.

On April 1, 1977, the county filed a petition seeking forfeiture of the $11,066. Thereafter, on May 19, 1977 Jones's order for appeal filed on December 17, 1975 was stricken by the lower court upon motion by the State's Attorney for Baltimore County. In an order dated March 7, 1979, the court dismissed the county's petition for forfeiture and directed the county to return the $11,066 to Jones.

I.

The relevant provisions of Article 27, section 297 of the Maryland Code (1976 Repl. Vol.) relied on by the lower court and the parties to this case, are as follows:

"(a) *Property subject to forfeiture.* — The

following shall be subject to forfeiture and no property right shall exist in them:

\* \* \*

(6) All money or currency which shall be found in close proximity to contraband controlled dangerous substances or controlled paraphernalia or which otherwise has been used or intended for use in connection with the illegal manufacture, distribution, dispensing or possession of controlled dangerous substances or controlled paraphernalia.

(b) *Seizure of property subject to forfeiture. —* Any property subject to forfeiture under this subheading may be seized upon process issued by any court having jurisdiction over the property except that seizure without such process may be made when —

(1) The seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;

(2) The property subject to seizure has been the subject of a prior judgment in favor of the State in a criminal injunction or forfeiture proceeding under this subheading;

(3) There is probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

(4) There is probable cause to believe that the property has been used or intended to be used in violation of this subheading.

In the event of seizure pursuant to paragraphs (3) and (4) of this subsection, proceedings under subsection (d) of this section shall be instituted promptly, *except all proceedings relating to money or currency, which shall be instituted within ninety (90) days from the date of final disposition of criminal proceedings which arise out of Article 27,*

422

*§ 276 through § 302 inclusive.*[1] (Emphasis added).

The county argues that the court erred in ruling that it did not institute the forfeiture proceedings within ninety days from the date of final disposition of the criminal proceedings as mandated by section 297 (b) (4) *supra.* The thrust of its argument is that the forfeiture petition was filed on April 1, 1977 whereas the criminal appeal of Jones was not finally disposed of until May 19, 1977, when the order to strike the appeal was granted. We think the lower court in its memorandum opinion appropriately answered the county's argument when it said:

> "Article 27, section 297 now provides that forfeiture proceedings relating to money shall be instituted within 90 days from the date of final disposition of criminal proceedings. This Court believes that it would do violence to logic and legislative intent to hold that 'final disposition of criminal proceedings' did not occur until May 19, 1977 when Judge MacDaniel performed the administrative function of striking out the Order for Appeal. Rule 1013 sets forth no time limit within which a Judge shall strike out an Order for Appeal where the would be Appellant has not taken the necessary action to perfect the Appeal. Therefore, many cases could be said to remain open indefinitely for lack of any action by a trial Judge. It would be absurd to contend that a case was not finally disposed of where a convicted defendant had actually completed serving the sentence just because an Order for Appeal had never been formally stricken."

In reaching for a clutchable straw, the county further argues

---

1. We note that the seizure in this case occurred on April 9, 1974, whereas the underscored language was added to the statute by Chapter 666 of the Laws of 1974 which took effect July 1, 1974. Because the issue was never raised, we need not consider the retrospective application of the statute. In any event, the result we reach would be the same.

in its brief that under Maryland Rule 1025 (b) the "failure to perfect an appeal, by not paying the proper filing fees, does not completely foreclose all chance of further appeal . . . that under the proper circumstances in the right situation the failure to perfect an appeal will not estop the court from hearing the appeal. Therefore, technically under the law, the criminal appeal of Kenneth Wayne Jones was actionable until May 19, 1977, when the order to strike the order of appeal was granted."

Rule 1025 (a) provides that the clerk of the lower court shall transmit the record to this Court within sixty days after the order for appeal is filed. Section (b) of Rule 1025 provides that upon application and for sufficient cause shown this Court may extend the time for transmitting the record, but "no order extending the time for filing the record may be entered if the application is made after the prescribed time for transmitting the record has expired unless it be shown that the failure to transmit the record was occasioned by the negligence, omission or inability of a judge of this Court, the clerk of the lower court, the court stenographer or the appellee."

We do not agree with the county's argument that the appeal filed by Jones remained viable until dismissed. We think the failure of Jones to perfect his appeal was tantamount to not taking an appeal at all. In *Town of Lincoln v. Cournoyer,* 375 A.2d 410 (R.I. 1977), a case factually similar to the present case, the defendant filed a notice of appeal, but did not perfect it. The Supreme Court of Rhode Island, in holding that the case was not properly before them, said:

"Although the notice of appeal of the denial of his motion to vacate was filed on January 4, 1974, the appeal was never perfected under our Rule 11, which requires transmission of the record to this Court within sixty days of the notice's being filed. Failure to perfect the appeal leaves Arthur in the same position as not having filed notice at all." *Id.* at 412.

Of like import see also *Wright v. Mark C. Smith and Sons Partnership,* 264 So. 2d 304 (La. App. 1972); and *Colavecchio v. Houle,* 261 A.2d 649 (R.I. 1970).

Moreover, we do not think that because Rule 1025 (b) permits this Court, under certain defined circumstances, to extend the time for transmitting the record, the unperfected appeal filed by Jones is any less a final disposition of his case than an uncontested enrolled judgment that may be vacated in case of fraud, mistake or irregularity under Maryland Rule 625 (a). The county cannot vicariously assert as a defense for its delay in filing the forfeiture petition, the right of Jones to perfect his appeal under Rule 1025 (b). This is especially true where, as here, there is no evidence or even a contention that Jones, after filing his appeal, ever contemplated perfecting it.

Accordingly, we conclude that when the 60 day period expired for transmitting the record and no application to extend the time was made, this Court lost jurisdiction and the appeal filed by Jones died on the vine. Concurrent with this Court's loss of jurisdiction over the appeal, the case reached final disposition within the meaning of the statute and triggered the 90 day period within which the county was required to file its forfeiture petition. Because no viable appeal was then pending, a pro forma order of dismissal was not required before forfeiture proceedings could be instituted. To hold otherwise would frustrate and defeat the clear intent of the legislature that forfeiture proceedings must be "instituted promptly." *See Geppi v. State,* 270 Md. 239 (1973) where the Court of Appeals held that the unexplained delay of eight months from the date criminal charges were stetted to the date the forfeiture petition was filed, was an impermissible delay under section 297 (b) (4) then in effect which required forfeiture proceedings to be instituted promptly. *See also Gatewood v. State,* 268 Md. 349 (1973) which held that a four month delay from the date the defendant's thirty day appeal period expired to the date the forfeiture petition was filed, was not an impermissible delay. In *United States Coin and Currency v. Director,* 279 Md. 185 (1977) there was a delay of some 119 days from the date the

defendants were convicted to the date the forfeiture petition was filed. In holding that the forfeiture petition was untimely filed under section 264 of Article 27, the statute governing the disposition of cash seized in connection with a violation of the gambling or lottery laws, the Court of Appeals said: "[T]he General Assembly has now mandated that the right to institute a proceeding for the forfeiture of seized contraband has as a condition precedent that the petition be filed within the 90-day period set out in the statute. *See Geppi v. State,* 270 Md. 239, 245, 310 A.2d 768, 771 (1973)." *Id.* at 187-188.

It is evident that the county's unexplained fourteen month delay in filing the forfeiture petition violated section 297 (b) (4) of the statute in that the proceedings were not instituted within ninety days from final disposition of the criminal proceedings, *i.e.,* ninety days from the date the time expired for Jones to perfect his appeal.

## II.

The county also argues in its brief that the trial court erred when it:

> "[A]pplied the 90-day time limit from section 297 (b) (4) to the facts of this case. The money in question was seized incident to a search warrant properly signed. The trial court should have used section 297 (b) (1), seizure incident to a search warrant. If the trial court had applied section 297 (b) (1), then there would have been no time limit to impose and the petition for forfeiture would have been granted."

Because this issue was neither raised nor decided below, it was not properly preserved for appellate review. Maryland Rule 1085.

*Order affirmed.*
*Costs to be paid by Baltimore County.*