## KENNETH WAYNE JONES *v.* OFFICE OF FINANCE OF BALTIMORE COUNTY, MARYLAND

[No. 6, September Term, 1982.]

*Decided November 5, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Edward Smith, Jr.,* with whom were *Cummings & Smith, P.A.* on the brief, for appellant.

*Michael J. Moran, Assistant County Solicitor,* with whom was *Leonard S. Jacobson, County Solicitor,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We shall here hold that a county must pay over to the owner of money seized the interest which accrued on that money between the time the court directed that the money be returned to its owner and the date of ultimate payment.

Police in Baltimore County seized $11,066 in cash which they found in close proximity to a large quantity of heroin when they executed a valid search warrant at the residence of Kenneth Wayne Jones, the petitioner here, on April 9, 1974. In due season Jones was convicted of violating the narcotics laws and sentenced to imprisonment for a total of twenty-four years. The County sought forfeiture to it of the money seized. Unfortunately, the County failed to file its petition within the time mandated by Maryland Code (1957, 1982 Repl. Vol.) Art. 27, § 297. See *Baltimore County v. Jones,* 46 Md. App. 419, 420, 417 A.2d 470, *cert. denied,* 288 Md. 740 (1980).[1] For that reason on March 7, 1979, the Circuit Court for Baltimore County dismissed the County's petition for forfeiture. It passed two orders, one on March 7 and one on March 28, 1979, which directed that the sum in question be returned to Jones. The County paid over to Jones the amount seized. This was done at a time subsequent to our denial on October 24, 1980, of the County's petition for a writ of certiorari in that case. The County did not, however, pay any interest on the sum, despite the fact that the money in question had been deposited in an interest bearing account.

Jones filed a petition seeking interest on the sum in question. The County responded first by filing a motion under Maryland Rule 323 b raising preliminary objection on the ground that the County had not waived its governmental immunity. At the same time it filed an answer to Jones' petition which, among other things, admitted that the sum in question had been kept in an interest bearing account since April 11, 1974.

The matter came on for hearing. Interest prior to the date

---

1. Although the statute has been amended since the seizure of the funds, there has been no change in the provision relative to the time within which a petition for forfeiture must be filed.

of the refund order was denied on res judicata grounds with the comment made, "Interest . . . had been neither sought nor awarded before Judge Raine," referring to the initial forfeiture action and Jones' answer to the County's petition for forfeiture. The trial judge held that Rule 642 concerning interest on judgments was not applicable. He then granted the County's motion raising preliminary objection.

The Court of Special Appeals affirmed the order of the Circuit Court for Baltimore County in an unreported opinion, using virtually the same reasoning as that of the circuit judge. We then granted Jones' request for a writ of certiorari in order that we might address the important public question here involved.

Jones argues to us that he should have both pre-judgment and post-judgment interest. We reject the claim for pre-judgment interest on res judicata grounds. In his answer to the County's motion for forfeiture Jones requested that the money in question be paid over to him. He did not at that time, however, request that he be paid accrued interest, nor did he make such a request at any time thereafter prior to entry of the order denying the County's motion and directing the return of the sum seized.

Jones puts his claim for post-judgment interest squarely on Rule 642. It states in pertinent part, "A judgment on verdict shall be so entered as to carry interest from the date on which the verdict was rendered." Rule 642 embodies what had been Code (1951) Art. 26, § 17 and which in one form or another had been a part of the Maryland statutes since 1809. The County contends Rule 642 is inapplicable. It also asserts governmental immunity as well as sovereign immunity, the latter being on the ground that in this instance it is acting for the State.

We do not see this matter as involving Rule 642, governmental immunity, or sovereign immunity. We see it as a simple one of title. Once the order of the Circuit Court for Baltimore County was entered directing that the money be returned to Jones, it was his. It follows, therefore, that any increase in the interim by virtue of the deposit of the money

in an interest bearing account accrues to Jones, not to the County. It was Jones' funds which earned the interest, not the County's. It is analogous to the well understood rule that in the absence of an agreement to the contrary the offspring or increase of tame or domestic animals belongs to the owner of the dam or mother. *See* 4 Am. Jur. 2d *Animals* § 10 (1962) and 3A C.J.S. *Animals* § 9 (1973). In this country governmental entities are not permitted to seize and hold property of their citizens without paying just compensation or without due process of law. Accordingly, we shall remand the case for a determination as to the exact amount of interest which accrued on the account between March 7, 1979, and the date of payment. The circuit court will pass an order directing that the County pay that sum to Jones.

> *Judgment of the Court of Special Appeals reversed and case remanded to that Court for passage of an order reversing the judgment of the Circuit Court for Baltimore County and remanding the case to that Court for further proceedings consistent with this opinion; costs to be paid by Baltimore County.*