**Gen. 31]** **31**

**FORFEITURE**

CONTROLLED DANGEROUS SUBSTANCES – FILING AND
    COMPLETION OF CRIMINAL CASE NOT A CONDITION
    FOR FORFEITING MONEY RELATED TO VIOLATION OF
    CONTROLLED DANGEROUS SUBSTANCES LAWS


May 2, 2011


*The Honorable Scott G. Patterson*
*State's Attorney for Talbot County*


You have asked for our opinion on the interpretation of Annotated Code of Maryland, Criminal Procedure Article ("CP"), §12-304(c)(1), which requires that an action to forfeit money related to controlled dangerous substances be filed within 90 days of the final disposition of any related criminal proceedings. In particular, you ask whether this provision merely establishes a statute of limitations for filing a forfeiture proceeding that happens to be related to a criminal case, or whether it also requires that a criminal case be filed and completed as a condition of forfeiture.

In our opinion, the case law makes clear that a forfeiture action is not contingent upon the filing of a criminal proceeding. The 90-day period in CP §12-304(c)(1) sets a limitation for the filing of a forfeiture action whenever a related criminal proceeding has been completed. But the forfeiture action need not await the filing or completion of criminal proceedings.

**I**

**Forfeiture Statute**

State law permits the seizure of property when there is probable cause to believe that the property was or will be used to violate the controlled dangerous substances laws. CP §12-202(a)(2)(v). A prime example of such property is money intended for an illegal drug transaction or the cash proceeds of such a transaction. The statute further specifies the procedures for instituting and litigating forfeitures. CP §12-301 *et seq.* Among other things, the statute establishes deadlines for filing various types

of forfeiture proceedings. CP §12-304. With respect to a proceeding for the forfeiture of money, it states:

>    (1) A proceeding about money shall be filed within 90 days after the final disposition of criminal proceedings that arise out of the Controlled Dangerous Substances law.

>    (2) If the State or a political subdivision does not file proceedings about money within the 90-day period, the money seized under this title shall be returned to the owner on request by the owner.

>    (3) If the owner fails to ask the return of the money within 1 year after the final disposition of criminal proceedings, as provided under §12-403 of this title, the money shall revert to:

>        (i) the political subdivision in which the money was seized; or

>        (ii) the State, if the money was seized by State authorities.

CP §12-304(c). Your question relates to the deadline set forth in paragraph (1) for filing forfeiture proceedings.

## II

### Analysis

#### A.    *Origin of 90-day Deadline for Money Forfeitures*

The State statute authorizing the forfeiture of money related to illegal drug transactions was first enacted in 1970. Chapter 403, Laws of Maryland 1970, *then codified at* Annotated Code of Maryland, Article 27, §297. Among other things, that statute provided that money or currency was subject to forfeiture if there was probable cause to believe that it had been used, or was intended to be used, in connection with a violation of the controlled dangerous substances laws. Article 27, §297(a)(6) (1971 Repl.

Vol.). The statute required that such forfeiture proceedings be instituted "promptly." Article 27, §297(b) (1971 Repl. Vol.).

In 1973, the Court of Appeals interpreted the term "promptly" in a case involving the forfeiture of money allegedly related to a drug transaction. *Geppi v. State*, 270 Md. 239, 310 A.2d 768 (1973). In that case, money was seized from an individual named Geppi shortly after his October 1970 arrest for drug offenses. The charges were eventually stetted in August 1971. Eight months later, in April 1972, the State filed a petition to forfeit the money under Article 27, §297, on the ground that it was intended for use in a drug transaction. Geppi contested the forfeiture, arguing that the State had not filed its petition "promptly." The Court looked to the period between the stetting of the criminal charges and the filing of the petition – a period of eight months – and, given that no explanation had been offered for the delay, held that the State had failed to file the petition "promptly." 270 Md. at 247. The Court declined to set a general rule or indicate "any particular time as unreasonable for the institution of forfeiture proceedings within the limits of [the statute]," but left that determination to the facts of each case and suggested that a delay of even eight months might be reasonable in some circumstances. *Id.*

*Geppi* thus did not resolve the uncertainty as to the deadline for filing a forfeiture proceeding after a criminal case was concluded. The following year the General Assembly amended the statute. Chapter 666, Laws of Maryland 1974. The 1974 amendment eliminated the uncertainty by specifying that a proceeding to forfeit money had to be "instituted within 90 days from the date of final disposition of criminal proceedings which arise out of [the controlled dangerous substance laws]." Article 27, §297(b) (1971 Repl. Vol. & 1974 Cum. Supp.).[1]

## B. *Whether a Forfeiture Proceeding May be Filed Before Completion of a Criminal Case*

The 90-day post-criminal disposition period was thus added to the statute to clarify when a forfeiture proceeding involving money could be filed after the conclusion of a related criminal proceeding.

---

[1] There are no legislative bill files available for legislation passed prior to 1975, but the intent of the 1974 amendment appears fairly clear from the context, as well as the statutory language.

But is that the exclusive period for the filing of a forfeiture proceeding? In other words, may a forfeiture proceeding be filed *before* the conclusion of the criminal proceeding – or even before criminal charges are filed? The Court of Appeals has held that it may.

In *Bozman v. Office of Finance*, 296 Md. 492, 463 A.2d 832 (1982), federal and county law enforcement officers executed search warrants at Bozman's house, where they recovered illegal drugs and $3,950 in currency. Bozman was never charged with criminal violations of the controlled dangerous substances laws. Nonetheless, nearly 18 months after the search, Baltimore County filed a petition in circuit court to forfeit the currency. Bozman opposed the forfeiture, arguing that the final disposition of criminal proceedings was a condition precedent to the institution of a forfeiture proceeding. He specifically relied on the 1974 amendment that added the 90-day period to the statute. 296 Md. at 497-98. The Court of Appeals rejected that argument:

> We believe that the Legislature, by adding the [90-day period] to [CP §12-304(c)(1)] clearly intended to impose a fixed limitation upon the filing of applications for forfeiture *if* a trial has taken place and a final disposition of criminal proceedings has resulted....
>
> The legislative purpose plainly was to place a specific time limitation of 90 days after a concluded criminal prosecution in the case of a seizure of money or currency in lieu of the previously indefinite requirement that the filing "shall be instituted promptly."

*Id*. at 499 (emphasis in original). The Court further held that the 90-day limitation was not intended to foreclose forfeiture proceedings for seized currency "merely because its possessor has not or not yet been brought to a concluding trial." *Id*. at 500. It concluded that "nothing in the [1974] amendment ... prohibits ... the filing of such an application *earlier* than the conclusion of an initiated prosecution." *Id*. (emphasis in original).

## III

### Conclusion

In summary, the case law makes clear that a forfeiture action is not contingent upon the filing of a criminal proceeding. The 90-day period in CP §12-304(c)(1) sets a limitation for the filing of a forfeiture action whenever a related criminal proceeding has been completed. But the forfeiture action need not await the filing or completion of criminal proceedings.

Douglas F. Gansler
*Attorney General*

Robert N. McDonald
*Chief Counsel*
*Opinions and Advice*

***Editor's Note:*** This opinion was originally issued as a letter of advice.